FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 27, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MINERVA EVELINE M., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 1:18-CV-03149-RHW <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** |

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 11 & 12. Plaintiff brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied her application for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C §§ 1381-1383F. *See* Administrative Record ("AR") at 1, 15-30. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court **GRANTS**

Plaintiff's Motion for Summary Judgment and **DENIES** Defendant's Motion for Summary Judgment.

## I. JURISDICTION

Plaintiff filed her application for Supplemental Security Income on June 10, 2014. AR 13, 155. In her application, she alleged an onset date of disability of June 1, 2014. AR 13, 156. Plaintiff's application was initially denied on September 24, 2014, AR 13, 153-54, and on reconsideration on December 23, 2014, AR 13, 168-69. A hearing with Administrative Law Judge ("ALJ") Glen G. Meyers occurred on July 14, 2016. AR 13, 31-90. On May 10, 2017, the ALJ issued a decision concluding that Plaintiff was not disabled within the meaning of the Act and was therefore ineligible for Social Security Income. AR 13-22. On June 5, 2018, the Appeals Council denied Plaintiff's request for review, AR 1-3, thus making the ALJ's ruling the "final decision" of the Commissioner. *See* C.F.R. § 404.981.

Plaintiff timely filed the present action challenging the denial of benefits, on August 7, 2018. ECF No. 1 and 3. Accordingly, Plaintiff's claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

## II. SEQUENTIAL EVALUATION PROCESS

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if the claimant's impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b) & 416.920(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. §§ 404.1572 & 416.972. If the claimant is engaged in substantial activity, he or she is not entitled to disability benefits. 20 C.F.R. §§ 404.1571 & 416.920(b). If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920(c). A severe impairment is one that has lasted or is expected to last for at least twelve months,

and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 & 416.908-09. If the claimant does not have a severe impairment, or combination of impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this

burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant Gallo in the national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue*, 676 F.3d 1203, 1206 (9th Cir. 2012).

### III.   STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## IV. STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and only briefly summarized here. Plaintiff was 40 years old on the alleged disability onset date. AR 20. She has a limited education. AR 20, 140. Plaintiff is able to communicate in English. *Id*. Plaintiff has past relevant work as a nursery school attendant, clerk-general, and sorter-pricer. *Id*.

//

## V. THE ALJ'S FINDINGS

The ALJ determined that Plaintiff has not been under a disability within the meaning of the Act at any time from June 10, 2014, the date the application was filed, through May 10, 2017, the date the ALJ issued his decision. AR 13-22.

**At step one**, the ALJ found that Plaintiff has not engaged in substantial gainful activity since June 10, 2014, the date the application was filed. (citing 20 C.F.R. §§ 404.1571 *et seq*. and 416.971 *et seq*.). AR 15.

**At step two**, the ALJ found that Plaintiff has the following severe impairments: diabetes mellitus; hypertension; chronic pain; lumbar back pain; post-traumatic stress disorder; depressive disorder; and anxiety disorder (citing 20 C.F.R. §§ 404.1520(c) and 416.920(c)). *Id*.

At **step three**, the ALJ found that Plaintiff does not have an impairment or combination of impairments that met or medically equaled the severity of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1. *Id*.

**At step four**, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform sedentary work, as defined in 20 C.F.R. §§ 404.1567(b) and 416. 967(b), with the following exceptions: she capable of engaging in unskilled, repetitive, routine tasks in two hour increments; no contact with the public; capable of working in proximity to but not in coordination with co-workers; occasional contact with supervisors; occasional stooping, squatting,

crouching, crawling, kneeling, and climbing ramps and stairs; she can never climb ropes, ladders or scaffolds; may be off task at work up to 10% of the time but still meets minimum production requirements of the job; may be absent from work one time per month. AR 17.

The ALJ determined that Plaintiff is unable to perform past relevant work as a nursery school attendant; clerk-general; or sorter-pricer (citing 20 C.F.R. §§ 404.1565 and 416.965). AR 20.

**At step five**, the ALJ found that in light of Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that she can perform. *Id*. These include addresser; hand bander; and table worker. AR 21.

## VI.  ISSUES FOR REVIEW

Plaintiff argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, he argues the ALJ reversibly erred by: (1) improperly weighing the opinion evidence; (2) improperly rejecting Plaintiff's symptom testimony; and (3) failing to identify jobs that Plaintiff can perform based on her residual functional capacity. ECF No. 11 at 1.

//

//

//

## VII. DISCUSSION

### A. The ALJ Reversibly Erred by Improperly Weighing Medical Opinion Evidence and Other Opinion Evidence.

Plaintiff asserts that the ALJ erred in weighing the medical opinion evidence from five providers: (1) treating provider, Portia Jones, M.D.; (2) examining provider, Kathleen Mayers, Ph.D.; (3) nonexamining provider, Dan Donahue, Ph.D.; nonexamining provider, Jerry Gardner, Ph.D.; treating therapist, Maria Gabriela Mondragon, M.S.W. ECF No. 11 at 12-19.

#### 1. Legal standard.

Title II's regulations, and accordingly, the Ninth Circuit, distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant but who review the claimant's file (nonexamining physicians). *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001); *see* 20 C.F.R. § 404.1527(c)(1)-(2). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a nonexamining physician's. *Holohan*, 246 F.3d at 1202. In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over those of non-specialists. *Id.*

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 9**

In the absence of a contrary opinion, a treating or examining provider's opinion may not be rejected unless "clear and convincing" reasons are provided. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended). If a treating or examining provider's opinion is contradicted, it may only be discounted for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing "specific and legitimate reasons that are supported by substantial evidence." *Id.*

The ALJ satisfies the specific and legitimate standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his [or her] interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (internal quotation marks omitted). In contrast, an ALJ fails to satisfy the standard when he or she "rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his [or her] conclusion." *Id.* at 1012-13. When rejecting a treating provider's opinion on a psychological impairment, the ALJ must offer more than his or his own conclusions and explain why he or she, as opposed to the provider, is correct. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

Importantly, the "specific and legitimate" standard analyzed above only applies to evidence from "acceptable medical sources." *Molina*, 674 F.3d at 1111. These include licensed physicians, licensed psychologists, and various other specialists. *See* former 20 C.F.R. §§ 404.1513(a) (2014).

In evaluating the weight to be given to the opinion of medical providers, Social Security regulations distinguish between "acceptable medical sources" and "nonmedical sources." Acceptable medical sources include, for example, licensed physicians and psychologists, while other providers, including social workers, are considered "nonmedical sources." 20 C.F.R. §§ 404.1502, 416.902. "Other sources" for opinions—such as nurse practitioners, physician's assistants, therapists, teachers, social workers, chiropractors, and other nonmedical sources—are not entitled to the se deference as acceptable medical sources.[1] *Molina*, 674 F.3d at 1111; *Dale v. Colvin*, 823 F.3d 941, 943 (9th Cir. 2016); *see* 20 C.F.R. § 404.1527(f). ALJs must consider nonmedical sources' lay observations about a claimant's symptoms or how an impairment affects ability to work. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). An ALJ may discount a nonmedical source's opinion by providing reasons "germane" to each witness for doing so.

---

[1] For claims filed on or after March 27, 2017, licensed nurse practitioners and physician assistants can qualify as acceptable medical sources in certain situations. *See* 20 C.F.R. § 404.1502(a)(7)-(8). As Plaintiff filed her claim in 2014, this does not apply here.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS ~ 11**

*Popa v. Berryhill*, 872 F.3d 901, 906 (9th Cir. 2017); *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

### 2. Treating provider, Portia Jones, M.D.[2]

In January 2016, Dr. Jones opined that Plaintiff would likely miss two days of work per month due to her PTSD and anxiety. AR 571. The treating doctor also noted Plaintiff had not been present while the form was being filled out and that a mental health evaluation would be helpful. AR 571.

In his two-sentence review of Dr. Jones' opinion, the ALJ assigned "little weight to Dr. Porter's opinion as it is not consistent with the longitudinal evidence that shows that the claimant's symptoms have been exacerbated primarily by her situational stressors." AR 19-20. This brief rejection of Dr. Jones' opinion was legally erroneous. First, the ALJ erred by failing to apply the appropriate factors in determining the extent to which the opinion should be credited. Though he suggested that Dr. Jones' opinion was not consistent with the longitudinal evidence such that it should not be given significant weight, the ALJ did not consider necessary factors such as the length of the treating relationship, the frequency of examination, the nature and extent of the treatment relationship, or the supportability of the opinion. 20 C.F.R. § 404.1527(c)(2)-(6). This failure alone

---

[2] In his decision, the ALJ incorrectly refers to Dr. Jones as "Dr. Porter" during his brief analysis of the doctor's medical opinion. AR 19, 570-71.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR FURTHER PROCEEDINGS** ~ 12

constitutes reversible legal error. *Trevizo v. Berryhill*, 871 F.3d 664, 676 (9th Cir. 2017).

Thus, because the ALJ failed to even acknowledge Dr. Jones as Plaintiff's treating physician, let alone consider the length, frequency and nature of the provider's relationship with Plaintiff, the Court finds that the ALJ erred in his consideration of Dr. Jones' opinion.

### 3. Examining provider, Kathleen Mayers, Ph.D.

In her August 2016 evaluation, Dr. Mayers diagnosed Plaintiff with major depressive disorder, PTSD and generalized anxiety disorder with panic attacks and agoraphobia. AR 653. Dr. Mayers opined that Plaintiff's memory skills and vocabulary were average; her fund of knowledge was fair to average; insight was fair; her judgment and abstract thinking were fair to poor; and that her intense anxiety interferes with her intellectual functioning. AR 654.

The ALJ assigned little weight to Dr. Mayers' opinion because it was not fully consistent with her examination that showed Plaintiff having good memory, concentration and pace despite reports of anxiety. AR 20. However, the ALJ misstated Dr. Mayers' opinion and findings. While Dr. Mayers did indicate that Plaintiff's concentration was good for the three-stage directions but that her math skills were poor, the doctor was referring specifically to that portion of the exam. AR 652. In fact, under the "Persistence, Pace and Concentration" section in the

opinion, the doctor states that Plaintiff's pace persistence and concentration were "generally fair to average." AR 653.

Here, the ALJ misstated Dr. Mayers' August 2016 findings and provided no more than "boilerplate language with no substantive basis for his conclusion." The ALJ must state with at least some clarity how the results of the examinations led to his conclusion that the physician's opinion should be discredited. *See Garrison v. Colvin*, 759 F.3d 995, 1012–13 (9th Cir. 2014) ("[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion."). An ALJ need not accept the opinion of a doctor if that opinion is brief, conclusory, and inadequately supported by clinical findings. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

In September 2016, Dr. Mayers opined that Plaintiff had marked limitations with regard to interacting with coworkers, supervisors, and the public and that she functions far better in her home. AR 658. The doctor also reiterated that Plaintiff's anxiety may interfere with her intellectual functioning. AR 659. The ALJ again assigned little weight to Dr. Mayers' opinion, this time because it was not consistent with Plaintiff's activities such as shopping, interacting with treatment providers, and visiting with friends. AR 20. Further, Plaintiff assessed her own

social skills as fair. An ALJ may properly reject an opinion that provides restrictions that appear inconsistent with the claimant's level of activity. *Rollins*, 261 F.3d at 856. Thus, the ALJ properly discredited Dr. Mayers' September 2016 opinion.

However, because the ALJ failed to accurately assess Dr. Mayers' August 2016 opinion by providing inadequate support for her credibility finding the Court finds that the ALJ erred in his consideration of Dr. Mayers' opinion.

### 4. Nonexamining providers, Dr. Donahue and Dr. Gardner

Plaintiff also asserts that the ALJ erred by according little weight to the opinions of two psychological consultants, Dr. Donahue and Dr. Gardner. ECF No. 11 at 18-19. In September 2014, Dr. Donahue opined that "Plaintiff would have occasional interruption from her symptoms, which would mean that she would be off-task up to 1/3 of the time." AR 19, 15-52. In December 2014, Dr. Gardner affirmed Dr. Donahue's opinion. AR 19, 165-67.

The doctors' opined level of limitation would prevent Plaintiff from engaging in substantial gainful activity. AR 19. Thus, ALJ assigned little weight to these opinions because they were inconsistent with their ultimate conclusion that Plaintiff was not disabled. *Id*. A medical opinion may be rejected by the ALJ if it contains inconsistencies. *Bray v. Commissioner of Social Security Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009); *see also Bayliss*, 427 F.3d at 1216 (a discrepancy

between a doctor's recorded observations and opinions is a clear and convincing reason for not relying on the doctor's opinion).

It is the ALJ's task to sort through "conflicting clinical evidence, stat[e] his interpretation thereof, and mak[e] findings," which the ALJ did here. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d at 857. The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d at 1111; *see also Thomas*, 278 F.3d at 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Thus, the Court finds the ALJ did not err in his consideration of Dr. Donahue's and Dr. Gardner's opinions.

### 5. Treating therapist, Maria Gabriela Mondragon, M.S.W.[3]

Plaintiff asserts the ALJ erred by rejecting treating therapist Ms. Mondragon's opinion. ECF No. 11 at 15-16. The opinion testimony of Ms. Mondragon, falls under the category of "other sources." "Other sources" for opinions include nurse practitioners, physicians' assistants, therapists, teachers, social workers, spouses, and other non-medical sources. 20 C.F.R. §§ 404.1513(d),

---

[3] In his decision, the ALJ incorrectly refers to Ms. Mondragon as "Dr. Gabrielle Mondragon," as her true name is Maria Gabriela Mondragon and her title is M.S.W. AR 19, 369.

416.913(d). An ALJ is required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir.1987). Non-medical testimony can never establish a diagnosis or disability absent corroborating competent medical evidence. *Nguyen*, 100 F.3d at 1467. An ALJ is obligated to give reasons germane to "other source" testimony before discounting it. *See Dodrill*, 12 F.3d at 919.

Ms. Mondragon opined that Plaintiff's symptoms interfere with her ability to stay focused. AR 19, 368-76. The ALJ assigned little weight to Ms. Mondragon's opinion because it was "…inconsistent with the mental status examination that showed the Plaintiff to exhibit good concentration and pace during testing…" AR 19. The Court finds the ALJ's weighing of Ms. Mondragon's opinion contains the same flaws listed above with regard to Dr. Mayers' opinion. *See Supra* at pp.13-15.

**B. Remand is the Appropriate Remedy.**

The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen*, 80 F.3d at 1292. The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further proceedings are necessary for a proper determination to be made. *Taylor v. Comm'r of Soc. Sec.*

*Admin.*, 659 F.3d 1228, 1235 (9th Cir. 2011) ("Remand for further proceedings is appropriate where there are outstanding issues that must be resolved before a disability determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated."). As the Court finds that remand for additional findings is appropriate, the Court need not address Plaintiff's additional allegations of error. Further, Plaintiff's request for an immediate award of benefits is denied as further proceedings are necessary to correct and develop the record.

Upon remand, the ALJ will issue a new decision that is consistent with the applicable law set forth in this Order. The ALJ will, if necessary, further develop the record, reevaluate the medical opinion evidence, obtain supplemental evidence from a vocational expert, and re-evaluate the claimant's credibility. The ALJ shall recalculate the residual functional capacity, considering all impairments, and then evaluate, based on this updated residual functional capacity, Plaintiff's ability to perform past relevant work, as well as work available in the national economy.

## VIII. CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is not supported by substantial evidence and contains legal error. Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 11**, is **GRANTED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 12,** is **DENIED.**

3. The District Court Executive is directed to enter judgment in favor of Plaintiff and against Defendant.

4. This matter is **REMANDED** to the Commissioner for further proceedings consistent with this Order.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 27th day of September, 2019.

<u>*s/Robert H. Whaley*</u>
ROBERT H. WHALEY
Senior United States District Judge